IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICO RODRIQUEZ ALLEN,

        Petitioner,

v.                                                 CIVIL ACTION NO.   3:19-0546
                                                     CRIMINAL ACTION NO.   3:18-00033

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court are Movant Rico Rodriguez Allen's objections to the Proposed Findings and Recommendation ("PF&R") issued by Magistrate Judge Cheryl A. Eifert on August 13, 2020. Obj. to PF&R, ECF No. 78; PF&R, ECF No. 76.[1] For the reasons set forth below, the Court **DENIES** the objections, **ADOPTS** the PF&R, and **DISMISSES** Movant's civil action.

**I. BACKGROUND**

      On June 18, 2018, Movant pleaded guilty to possession with intent to distribute methamphetamine and to using or carrying a firearm during and in relation to that crime. *See* Indictment, ECF No. 1; Written Plea of Guilty, ECF No. 29. On November 8, 2018, the Court sentenced Movant to a total of 137 months of imprisonment and 5 years of supervised release. J. 2–3, ECF No. 39. On July 24, 2019, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 50). Movant also filed two amendments to the motion (ECF Nos. 72, 74) and requested an evidentiary hearing (ECF No. 68). In short, the motion

---

[1] In this order, all citations to the record refer to the docket of Movant's criminal case, *United States v. Allen*, Case No. 3:18-00033 (S.D.W.Va. 2018).

1

challenges Movant's guilty plea as to count three, the firearm-related charge brought under 18 U.S.C. § 924(c)(1)(A). Movant argues that his guilty plea should be vacated because his counsel (1) failed to explain the necessary elements of Section 924(c)(1)(A) before the plea, and (2) failed to file motions to suppress evidence related to the his arrest.

The Court referred these motions to the Magistrate Judge, and she issued a report recommending denial of both motions. PF&R 1. Movant now objects to the PF&R on two grounds. Obj. to PF&R 1.

## II. STANDARD OF REVIEW

The Court reviews any objections to the Magistrate Judge's PF&R de novo. 28 U.S.C. § 636(b)(1). To the extent that Movant did not object to the PF&R, it will be upheld unless those portions are clearly erroneous or contrary to law. *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)).

## III. DISCUSSION

A. Movant's First Objection

Movant's first objection generally restates his first ineffective assistance claim. Obj. to PF&R 1. Under *Strickland v. Washington*, a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the defendant must show that he was actually prejudiced by the unreasonable representation. *Id.* The defendant carries the burden of satisfying both prongs of the test and "a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994).

Movant argues that the two *Strickland* elements were met when his counsel, Mr. Rhett Johnson, failed to advise him that the government was required to prove that he "actively

employed" a firearm during a drug trafficking crime. Movant reasons that the government would not have been able to prove this element because at the time of the arrest, he was asleep in his vehicle. Mot. to Vacate at 14–15. Movant concludes that he was prejudiced because he would not have pleaded guilty to violating Section 924(c)(1)(A) but for Johnson's omission. *Id*.

Although Johnson admits that he did not consult with Movant about the "active employment" element, his omission was reasonable because "active employment" is not an essential element of Section 924(c)(1)(A) as Movant claims.[2] Under Section 924(c)(1)(A), "[a]ny person who, during and in relation to any crime of violence or drug trafficking crime, . . . uses or carries a firearm" shall be sentenced to a term of imprisonment of not less than 5 years. 18 U.S.C. § 924(c)(1)(A). Under the plain language of the statute, the government need only provide evidence under either the "use" or "carry" prongs. The Supreme Court has interpreted the "use" prong as requiring evidence of "active employment of the firearm." *United States* v. *Bailey*, 516 U.S. 137 (1995). In contrast, the Supreme Court interpreted the "carry" prong as only requiring that the firearm be accessible to the defendant. *Muscarello v. United States,* 524 U.S. 125, 126 (1998). Applying this standard, the Court in *Muscarello* held that a defendant could "carry a firearm" by keeping it in his or her vehicle's glove compartment. *Id*.

Here, Movant testified that he possessed methamphetamine in the center console of his vehicle and that he had a firearm on his driver's seat to "protect" the methamphetamine. Plea Hr'g Tr. 11:19–21, 14:16–21, ECF No. 60; Plea Agreement 11, ECF No. 30. These facts are consistent with the Supreme Court's holding in *Muscarello*. Therefore, Johnson's conclusion that the government would not have to prove "use" or "active employment" and his decision to not discuss

---

[2] There is no dispute that Johnson did not discuss "active employment" with Allen. *See* Johnson Aff. ECF No. 57. Johnson agreed with Allen that he did not explain "active employment" to Allen before the guilty plea, but noted that he did not do so because the government only had to prove that Allen carried a firearm in relation to a drug trafficking crime. *Id*.

those elements with Movant were objectively reasonable. Accordingly, the Court denies the first objection.

 B. Movant's Second Objection

Movant's second objection alleges that the Court failed to "establish a factual basis pursuant to Fed. R. Crim. P. 11(f), to support [the] use or carry element under 924(c)."[3] Obj. to PF&R 1. Under Rule 11(f), when a defendant pleads guilty, it is necessary only that the court "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." Such a factual basis may be established through testimony made at the plea hearing, as well as from other sworn statements from the defendant such as stipulations. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 494 (2018). The Fourth Circuit does not require a great degree of detail; rather, "[a] bare recitation of the facts will satisfy Rule 11 so long as it establishes the elements of the offense." *Id.* (citing *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991)).

Here, Movant argues that the district court did not establish a factual basis as to the use or carry element because his plea colloquy did not establish that his firearm was in the vehicle with him at the time of arrest. Obj. to PF&R 1. However, Movant's argument fails because it ignores the other evidence in the record. Movant stipulated to the fact that his firearm was on his driver's seat at the time of his arrest. Plea Agreement 11. In addition to Movant's own statements, an officer testified that he found a Glock semi-automatic pistol, methamphetamine, a bulletproof vest, digital scales, and several cell phones in the vehicle with Movant at the time of arrest. Plea Hr'g Tr. 14:14–21. In light of this evidence, the Court finds that there was sufficient factual basis to support Movant's plea.

---

[3] Movant did not raise this claim in his original motion or in any of his subsequent amendments. (*See* ECF Nos. 50, 72, 74.) Nevertheless, the Court reviews this argument de novo.

C. Proposed Findings and Recommendations

The Court reviews the portions of the PF&R to which Movant did not object for clear error. The only remaining claim is Movant's argument that he felt coerced into pleading guilty because his counsel failed to file motions to suppress evidence related to his arrest. *See* Mot. to Vacate; Resp. to Gov't's Mem. in Opp. to Mot. to Vacate 4, ECF No. 77. Movant's argument relies on Mr. Johnson's statement during the plea hearing that he "question[ed] the propriety of the arrest, but Mr. – [he] discussed that with Mr. Allen, and he wishes to forego making that challenge and enter this plea." Plea Hr'g Tr. 17:19–23.

The Magistrate Judge recommended that the Court deny this claim because Movant knowingly and voluntarily waived his right to collaterally attack his plea agreement on the grounds that his arrest was improper. PF&R 14–15. This recommendation was not clearly erroneous, nor was it contrary to law. As the Magistrate Judge summarized, after Johnson questioned the validity of Allen's arrest, the Court asked Movant whether he discussed the possibility of challenging his arrest with Johnson. Plea Hr'g Tr. 17:21–25. Movant stated that he had. *Id*. The Court also asked Movant: "Do you understand by entering this plea under these terms, you are giving up any claim you might have that the officer acted improperly in seizing you and arresting you?" *Id*. at 18:1–5. Movant responded "Yes, sir." *Id*. Although Movant has not waived his right to challenge his plea based on ineffective assistance of counsel, the above waiver renders his counsel's decision to not challenge the arrest as objectively reasonable. Moreover, Movant's express waiver of the claim indicates that he was not actually prejudiced by his attorney's decision. Therefore, the Court denies Movant's claim and adopts the remainder of the Magistrate Judge's report.

Finally, the Court adopts and incorporates herein the Magistrate Judge's recommendation denying Movant's motion for a rehearing. The Magistrate Judge's finding that the Movant failed to state a claim that entitled him to relief was not a clear error. *See Raines v. United States*, 423

F.2d 526, 529 (4th Cir. 1970).

**IV. CONCLUSION**

The Court **DENIES** Movant's Objections to the PF&R, **ADOPTS** the portions of the Magistrate Judge's Proposed Findings and Recommendations to which no objection is filed, **DENIES** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 50), **DENIES** all amendments to that motion (ECF Nos. 72, 74) and **DENIES** Movant's motion for an evidentiary hearing (ECF No. 68). Finally, as recommended by the Magistrate Judge, the Court **DISMISSES** the civil action and removes it from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: September 21, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE